UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| GERALD WINFRED MAXWELL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:25-cv-847-LCB |
| OFFICER NUNN, *et al.*, | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

On May 30, 2025, *pro se* plaintiff Gerald Winfred Maxwell sued Defendants "Officer Nunn," Cullman County District Court, the State of Alabama, and the Alabama Law Enforcement Agency (ALEA) under 42 U.S.C. § 1983 and state tort law. Doc. 1. Maxwell also moved to proceed *in forma pauperis*, triggering review under 28 U.S.C. § 1915(e)(2). Doc. 2. The Court finds that Maxwell has failed to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii) and seeks relief from parties who are immune under § 1915(e)(2)(B)(iii). As a result, the Court **WILL GRANT** Plaintiff's IFP application and **WILL DISMISS** Plaintiff's Complaint without prejudice.

**I.    Maxwell's IFP Motion**

When considering a plaintiff's IFP application, "the only determination to be made by the court . . . is whether the statements in the affidavit satisfy the

requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). And although a court may look beyond the IFP application to determine the applicant's financial condition, *see Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir. 1982), the poverty requirement is generally met if the affidavit "represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307. After reviewing Plaintiff's IFP application, the Court finds the Plaintiff indigent and **WILL GRANT** the motion.

## II. The IFP Pleading Assessment Framework

In response to a request for IFP status, a district court must also assess whether the allegations in the plaintiff's complaint meet the pleading standards laid out in 28 U.S.C. § 1915(e)(2). *Martinez*, 364 F.3d 1305, 1307 (11th Cir. 2004). The reviewing court must dismiss the plaintiff's complaint if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Martinez*, 364 F.3d at 1307. Practically, this legal standard is identical to the standard for failure to state a claim under Fed. R. Civ. P. 12(b)(6), *Jones v. Bock*, 549 U.S. 199, 215 (2007), which means that "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

### III.  Maxwell's Federal Claim Does Not State a Claim On Which Relief May Be Granted.

Maxwell's suit alleges that he was "unlawfully stopped, arrested, and detained by an Alabama State Trooper" on February 3, 2025; that he was "subjected to an illegal search and seizure" and "[a]ssaulted and physically restrained without . . . justification." Doc. 1 at 2. As a result, Maxwell says he was "[i]ncarcerated without being informed of any legitimate charge" and without "judicial process." *Id.* Maxwell also alleges that he was "[k]idnapped under color of law and deprived liberty without due process," that his *Miranda* rights were not read to him "in a timely manner," and that he was "subjected to identity theft by the attending authorities." *Id.* Based on only those facts, Maxwell claims that his constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments were violated (Counts I-IV), in addition to a state tort claim for "False Arrest, Assault, Wrongful Incarceration, and Kidnapping" (Count V) and an unspecified claim for "Unlawful Denial of Right to File" (Count VI).

To be sure, courts must construe *pro se* pleadings liberally. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But even construed liberally, Maxwell's complaint fails to state a cause of action because it fails "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Complaint provides few details beyond Maxwell's stop and detention by a State Trooper (who is never specifically named as "Officer Nunn") and the allegation that Maxwell was

3

"incarcerated without . . . legitimate charge" or "judicial process." More importantly, the Complaint never alleges how the Defendants violated Maxwell's rights, or even which Defendants violated specific rights, and such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Finally, Maxwell's claims should be dismissed to the extent they "seek[] monetary relief against [defendants] who [are] immune from such relief." § 1915(e)(2)(B)(iii). Maxwell's Complaint seeks compensatory and punitive damages from the State of Alabama, the Cullman County District Court, and ALEA under § 1983. Doc. 1 at 4. But those parties are immune from such claims. *See* ALA. CONST. § 14 ("the State of Alabama shall never be made a defendant in any court of law or equity."); *Gilley v. Cullman Cnty. Cir. Ct.*, 2022 WL 20033237, at *2 (N.D. Ala.), *report and recommendation adopted*, 2023 WL 3771241 (holding that Alabama state courts are not "proper defendant[s] in a § 1983 action."); *Mason v. Mobile Cnty. Cir. Clerk,* 2024 WL 1803091, at *2 (11th Cir.) (holding that ALEA is immune from §1983 liability as "an arm of the state"). As a result, those claims must be dismissed.

## IV. Maxwell's State Law Claims

Because Maxwell has not stated any valid claims under federal law, this Court lacks federal question jurisdiction over the case, including the remaining state law

claims. Furthermore, dismissal would still be appropriate even if his federal claim survived because supplemental jurisdiction over state law claims is discretionary. 28 U.S.C. § 1367(c).

## V. Conclusion

For all these reasons, the court **DISMISSES** Plaintiff's Complaint **WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2). A final judgment will be entered separately, and the Clerk is **ORDERED** to serve a copy of this order and the final judgment on the Plaintiff at his address of record.

**DONE** and **ORDERED** this July 10, 2025.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE